

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00008-CV

---

MELANIE STEELE, Appellant

V.

MURPHY & BEANE, INC., AND VIACOM, INC., Appellees

---

On Appeal from the 250th District Court
Travis County, Texas
Trial Court No. D-1-GN-18-005640

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Viacom, Inc., hired Melanie Steele as an independent makeup artist to work on an Austin, Texas, set for a television series produced by Viacom in 2006 called *Meet the Bulldogs*.[1] When the Viacom production team "cut the lights for filming purposes," Steele fell down two flights of stairs and suffered severe injuries, including broken and cracked teeth, lacerations to the face and body, broken bones, a bruised back, a strained neck, head trauma, and a torn meniscus in each knee, ultimately leading to double knee replacement surgery.

After the accident, Steele received correspondence from Murphy & Beane, Inc., a third-party administrator from California, informing her of treatment plans and benefits. Their handling of Steele's claim, including a dispute over the need for total knee replacement surgery, led to a lawsuit filed by Steele against both Murphy & Beane and Viacom for fraud, fraudulent inducement, gross negligence, and violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code. Murphy & Beane and Viacom filed a plea to the jurisdiction which argued that the Texas Department of Insurance, Division of Workers' Compensation (Division), had exclusive jurisdiction over Steele's claims and that Steele failed to exhaust administrative remedies.

The trial court granted the plea to the jurisdiction and dismissed Steele's claims, without prejudice, to allow her to exhaust administrative remedies. Steele appeals. Because we agree with

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Third Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

the trial court's conclusion that Steele did not exhaust administrative remedies with the Division, we affirm the trial court's judgment.

## I. Factual and Procedural Background

After the accident, Steele said a Viacom employee took her to the hospital so she could receive medical care under Viacom's Self Insurance Group as a result of the injury she suffered while working in Texas in the course and scope of her employment with Viacom. Steele countersigned a Texas Workers Compensation Work Status Report.

According to Steele's petition, Murphy & Beane's agent informed her that she had a "complicated case because the injury happened in Texas but the company handling the claim was from California." Steele asserted that the agent never told her that Murphy & Beane was seeking to transfer the claim from Texas to California, but that they did so by filing an Employer's Report of Occupational Injury or Illness in California with the Department of Industrial Relations two months after her injury. Steele also complained that Murphy & Beane failed to inform her that the case should be handled under the Texas Workers' Compensation System, failed to file the claim in Texas, and

> misrepresented to [Steele] that (a) [Steele's] accident occurred in California, that (b) [Steele] was an employee located primarily in California, that the claim was a California claim, and not a Texas claim, that (c) she could not seek treatment from doctors of her choosing, that (d) she would have to travel to California to receive a [panel qualified medical examination (QME)], and that (e) Murphy & Beane could close her case for non-compliance.

Steele claimed that when she travelled to California for the QME, following a threat to terminate coverage by Murphy & Beane, she was informed that no doctor was available to see her. Because she returned to Texas without receiving a QME, Steele complained that it was "difficult to receive

3

medically necessary treatments without either having to undertake unnecessarily difficult and repeated negotiations with Murphy & Beane, or just having the requested treatments flat out denied."

Steele also asserted that, acting on behalf of Viacom, Murphy & Beane continuously injured her by misrepresenting workers' compensation coverage available to her, by applying the improper medical-treatment guidelines of California rather than Texas, not timely filing the injury notice in Texas, misrepresenting that the injury occurred in California, not properly registering the self-insured group or third-party administrator in Texas, claiming that Steele was a regular employee domiciled in California, not timely filing a notice of injury claim in California, actively obstructing Steele's ability to receive medically necessary treatment in her home state, and misrepresenting to Steele that her coverage could be canceled by Murphy & Beane for not complying with requests to cease seeking treatment or for refusing to fly to California to receive a QME.

As a result of these actions, Steele sued in Travis County in 2016, but the Austin Court of Appeals issued a writ of mandamus compelling the trial court to dismiss Steele's claims for lack of subject-matter jurisdiction because (1) the Division had exclusive jurisdiction over Steele's claims and (2) she had not exhausted administrative remedies. *In re Murphy & Beane, Inc.*, No. 03-16-00690-CV, 2017 WL 3897453, at *6 (Tex. App.—Austin Aug. 29, 2017, orig. proceeding).

After the dismissal, the Division conducted a benefits review conference that led to an agreement between Steele and the carrier that Steele's recovery was barred by the Texas Workers' Compensation Act (TWCA). Steele contended that this agreement constituted an exhaustion of

4

her administrative remedies. As a result, in 2018, Steele filed another petition against Murphy & Beane and Viacom in Travis County district court raising, in large part, the same claims as before.

Murphy & Beane and Viacom filed a plea to the jurisdiction in response to the new lawsuit and argued that Steele again failed to exhaust administrative remedies by neglecting to raise the allegations in her petition at the benefits review conference. The trial court agreed and again dismissed Steele's claims "until such time that [she] exhausts all remedies available with the [Division]."

## II.    Standard of Review

Whether a trial court has subject-matter jurisdiction is a matter of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Stinson v. Ins. Co. of the State of Pa.*, 286 S.W.3d 77, 83 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). "When an agency has exclusive jurisdiction and the plaintiff has not exhausted administrative remedies, the trial court lacks subject-matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction." *In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 752 (Tex. 2017) (orig. proceeding) (citing *In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex. 2004) (orig. proceeding)).

"The [Texas] Workers' Compensation Act 'provides the exclusive procedures and remedies for claims alleging that a workers' compensation carrier has improperly investigated, handled, or settled a workers' claim for benefits.'" *Id.* at 752–53 (citing *In re Crawford & Co.*, 458 S.W.3d 920, 923–29 (Tex. 2015) (concluding "that a host of tort, contract, and statutory claims

5

could not go forward against the carrier in the trial court" absent exhaustion of administrative remedies)); *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 443–45, 450–51 (Tex. 2012) (concluding that the failure to exhaust administrative remedies "preclude[d] certain Insurance Code and common-law bad-faith claims against the compensation carrier"). The Austin Court of Appeals has already determined that the Division has exclusive jurisdiction over Steele's claims. That opinion is the law of the case, and we will not disturb the Austin Court of Appeals' holding. *Murphy & Beane, Inc.*, 2017 WL 3897453, at *2–3 (citing *In re Crawford & Co.*, 458 S.W.3d 920, 923–27 (Tex. 2015) (per curiam)). Instead, we address whether Steele has properly exhausted administrative remedies.

In performing this review, an appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *See Miranda*, 133 S.W.3d at 227; *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Where, as here, "a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Transformative Learning Sys. v. Tex. Educ. Agency*, 572 S.W.3d 281, 286 (Tex. App.—Austin 2018, no pet.) (quoting *Miranda*, 133 S.W.3d at 227). "[I]n a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Id.* (quoting *Miranda*, 133 S.W.3d at 227). The party asserting the plea must overcome a burden similar to a movant's burden on a traditional summary judgment motion. *City of Killeen v. Cheney*, No. 03-18-00139-CV, 2018 WL 5832088, at *3 (Tex. App.—Austin

Nov. 8, 2018, no pet.). "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction." *Transformative Learning Sys.*, 572 S.W.3d at 286 (quoting *Miranda*, 133 S.W.3d at 227–28). Even so, when the jurisdictional facts are undisputed, the trial court rules on the plea to the jurisdiction as a matter of law, and on appeal, the trial court's ruling is reviewed de novo. *McMillan v. Aycock*, No. 03-18-00278-CV, 2019 WL 1461427, at *2 (Tex. App.—Austin Apr. 3, 2019, no pet.).

### III. Steele Did Not Exhaust Administrative Remedies

"There are two general types of dispute resolution under the Texas Workers' Compensation Act." *Thomas v. Am. Home Assur. Co.*, 403 S.W.3d 512, 518 (Tex. App.—Dallas 2013, no pet.) (citing *Cunningham Lindsey Claims Mgmt., Inc. v. Snyder*, 291 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2009, pet. denied)). "Chapter 410 of the Texas Workers' Compensation Act addresses disputes regarding compensability and extent of injury." *Id.* (citing TEX. LAB. CODE ANN. §§ 410.002–.308). "This chapter establishes a four-step system for the disposition of claims by the Texas Workers' Compensation Act." *Id.* (citing *Ruttiger*, 381 S.W.3d at 437). "Those steps are a [benefits review conference], a contested case hearing (CCH), review by an administrative appeals panel, and judicial review." *Ruttiger*, 381 S.W.3d at 437 (citing TEX. LAB. CODE ANN. §§ 410.021, 410.151, 410.251, § 410.202 (Supp.)). "A claimant is not required to continue through every step; the provisions of the Act contemplate that disputes may be resolved at any level." *Id.*

The second type of dispute resolution "involves disputes relating to medical necessity or preauthorization for particular treatments, which follows the procedures instituted under Chapter 413." *Thomas*, 403 S.W.3d at 518 (citing TEX. LAB. CODE ANN. § 413.002–.055; *Cunningham*,

7

291 S.W.3d at 477); *see* TEX. LAB. CODE ANN. § 413.031. "The requirement to exhaust administrative remedies applies to each type of dispute." *Id.* (citing *Cunningham*, 291 S.W.3d at 477). "If both types of dispute are present, a claimant may exhaust administrative remedies applicable to one, but fail to exhaust administrative remedies regarding the other." *Id.* (citing *Cunningham*, 291 S.W.3d at 477).

The TWCA also addresses and prohibits a carrier or its representative from making misrepresentations to an employee about the TWCA's provisions and the reason for not paying benefits. *Murphy & Beane, Inc.*, 2017 WL 3897453, at *4 (quoting *Crawford*, 458 S.W.3d 927) (quoting TEX. LAB. CODE ANN. § 415.002(a)(1), (13)). Along with these administrative violations for misrepresentations made by or on behalf of the carrier, the TWCA prohibits the carrier or its representative from "terminating or reducing benefits without substantiating evidence that the action is reasonable and authorized by law," "adjust[ing] a workers' compensation claim in a manner contrary to license requirements for an insurance adjuster," "fail[ing] to process claims promptly in a reasonable and prudent manner," "unreasonably disput[ing] the reasonableness and necessity of health care," or "fail[ing] to comply with a provision of [the TWCA]." TEX. LAB. CODE ANN. § 415.002(a)(2), (10), (11), (19), (22). Chapter 415 outlines the procedures for notifying the Division of administrative violations. *See* TEX. LAB. CODE ANN. §§ 415.031–036 (found preempted in other part by the Airline Deregulation Act in *PHI Air Med., LLC v. Tex. Mut. Ins. Co.*, 549 S.W.3d 804, 811 (Tex. App.—Austin 2018, pet. abated)).

Steele alleged that the claims in her petition were resolved at the benefits review conference, "a nonadversarial, informal dispute resolution proceeding." TEX. LABOR CODE ANN.

§ 410.021. In challenging the existence of jurisdictional facts, Murphy & Beane and Viacom introduced the Benefit Dispute Agreement (Agreement) relied on by Steele to prove that she exhausted administrative remedies. The Agreement shows that Steele addressed only (1) whether the carrier was relieved of liability because she did not file a claim within one year of her injury and (2) whether she elected to pursue remedies under the laws of another jurisdiction, which barred recovery under the TWCA. As a result of the benefits review conference, Steele agreed that the carrier was relieved from liability under Texas Labor Code Section 409.003[2] and that recovery under the TWCA was barred because she elected to pursue a remedy and recover under the laws of another jurisdiction. The Agreement was binding on Steele because she was represented by counsel. *See* TEX. LAB. CODE ANN. §§ 410.029, 410.030(b).

The Agreement only addressed issues of compensability. It referenced no dispute about the extent of injury, preauthorization, medical necessity, or administrative violations. The Agreement stated, "This agreement resolves only the issues in dispute as described below and is not a final resolution of all issues in this claim."[3] The effect of the agreed finding under Section 409.003 is discussed in Section 409.004, which states:

---

[2]Section 409.003 of the Texas Labor Code states:

> An employee or a person acting on the employee's behalf shall file with the division a claim for compensation for an injury not later than one year after the date on which:
> (1)     the injury occurred; or
> (2)     if the injury is an occupational disease, the employee knew or should have known that the disease was related to the employee's employment.

TEX. LAB. CODE ANN. 409.003.

[3]A copy of Steele's actual claim or claims with the Division is not included in the appellate record.

> Failure to file a claim for compensation with the division as required under Section 409.003 relieves the employer and the employer's insurance carrier of liability under this subtitle unless:
>
> > (1) good cause exists for failure to file a claim in a timely manner; or
> >
> > (2) the employer or the employer's insurance carrier does not contest the claim.

TEX. LABOR CODE ANN. § 409.004.[4] The Agreement did not address good cause or any decision by Viacom or their carrier on refraining from a contest.

"An issue that was not raised . . . or . . . resolved at a benefit review conference may not be considered unless: (1) the parties consent; or (2) if the issue was not raised, the commissioner determines that good cause existed for not raising the issue at the conference." TEX. LAB. CODE ANN. § 410.151(b). "To determine whether a party has exhausted administrative remedies, an appellate court must compare the disputes raised in the trial court with those raised or resolved in the administrative agency." *Thomas*, 403 S.W.3d at 518 (citing *Cunningham*, 291 S.W.3d at 477).

Steele's petition essentially claims that she was denied full benefits as a result of Murphy & Beane and Viacom's misrepresentations about and mishandling of the claims process. Yet, the Agreement's resolution on compensability does not resolve her other disputes which were not raised with the Division. This is because, even if she cannot recover TWCA benefits, "[i]t is the Division's duty to '(1) regulate and administer the business of workers' compensation in this state; and (2) ensure that [the Act] and other laws regarding workers' compensation are executed.'"

---

[4]While "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer . . . for . . . a work-related injury sustained by the employee," a "determination under Section . . . 409.004 that a work-related injury is noncompensable does not adversely affect th[is] exclusive remedy provision[]." TEX. LABOR CODE ANN. § 408.001(a), (d).

10

*Crawford*, 458 S.W.3d at 923 (quoting TEX. LAB. CODE ANN. § 402.00114). "The Division must monitor insurance carriers, employers, and others 'for compliance with commissioner rules, this subtitle, and other laws relating to workers' compensation.'" *Id.* (quoting TEX. LAB. CODE ANN. § 414.002(a)). "The Division or its commissioner may impose an array of sanctions against those who fail to comply, including a cease-and-desist order and administrative penalties up to $25,000 per day per occurrence." *Id.* (citing TEX. LAB. CODE ANN. § 415.021(a) (Supp.)). The TWCA "provides the exclusive procedures and remedies for claims alleging that a workers' compensation carrier has improperly investigated, handled, or settled a workers' claim for benefits." *Id.* at 923–24. Nothing in the appellate record shows that Steele has either exhausted administrative remedies under Chapter 413 or provided the Division with notice of administrative violations.

The Austin Court of Appeals has already determined that Steele's complaints needed to be raised with the Division. A review of the Agreement shows that they were not. The evidence presented by Murphy & Beane and Viacom was uncontested. Because there was no genuine issue of material fact about whether Steele exhausted administrative remedies, we find the trial court's grant of the plea to the jurisdiction was proper.

## IV.     Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     July 2, 2019
Date Decided:       July 10, 2019

11